UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EARL HARRIS,

                              Plaintiff,

          v.

THE CITY OF NEW YORK DEPARTMENT OF
HEALTH AND MENTAL HYGIENE, BUREAU
OF CHILDCARE,

                              Defendant.

---

**MEMORANDUM AND ORDER**
22-cv-1752 (LDH) (LB)

LASHANN DEARCY HALL, United States District Judge:

Earl Harris ("Plaintiff") brings this employment discrimination and retaliation action

against The City of New York Department of Health and Mental Hygiene, Bureau of Childcare

("Defendant"), alleging violations of Title VII, New York State Human Rights Law, and New

York City Human Rights Law.  Defendant moves pursuant to Federal Rule of Civil Procedure

12(b)(6) to dismiss Plaintiff's amended complaint in its entirety.

## BACKGROUND[1]

This suit arises from Defendant's alleged discrimination and retaliation against Plaintiff.

Plaintiff is an African-American male who has worked for Defendant as a Computer Aide since

April 12, 2005.  (Am. Compl. ¶¶ 16, 21, ECF No. 38.)  On or about September 27, 2021,

Defendant notified its active hiring pool, which included Plaintiff, of sixteen openings for the

position of Investigator.  (*Id.* ¶ 24.)  Plaintiff applied for the position on October 18, 2021.  (*Id.* ¶

26.)  Prior to applying, Plaintiff had been certified by the New York City Department of

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of deciding the instant
motion.

Citywide Administrative Services ("DCAS") as having met the requirements for the position and otherwise never received a negative evaluation from Defendant.  (*Id.* ¶¶ 18, 25.)  Yet, Plaintiff was notified at the conclusion of the interview that he would not be selected for the Investigator position because he lacked the requisite certification.  (*Id.* ¶ 29.)  Following further inquiry, Defendant notified Plaintiff in writing that he was not selected for the position because "it had gone to another more qualified candidate" among the hiring pool.  (*Id.* ¶ 30.)  According to the complaint, Plaintiff "discovered" in November 2021 that "several less qualified persons" were selected and hired for the Investigator position, all of whom lacked the same DCAS certification that Plaintiff was told he required.  (*Id.* ¶ 31.)

On or about April 20, 2022, Defendant sought to hire for the position of Computer Associate (Operations) from a DCAS hiring list.  (*Id.* ¶ 34.)  Despite Plaintiff being DCAS qualified for the position, Defendant never notified Plaintiff about the open vacancies for the Computer Associate (Operations) position.  (*Id.* ¶ 35.)  Meanwhile, a "roster of females," all of whom were "less qualified than the Plaintiff," was actively considered, selected, or favored for the open positions.  (*Id.*)  Based on these incidents, Plaintiff "has been meant to endure years of discriminatory treatment that has only grown worse" and "is continually denied for promotions or positions he is otherwise qualified" to receive.  (*Id.* ¶ 36.)  And as a result of Plaintiff complaining of "the discriminatory treatment he endures," he is "routinely" rejected for open positions.   (*Id.* ¶ 37.)

Plaintiff filed a charge of discrimination with the New York State Division of Human Rights, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 8.)  On or about February 4, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.  (*Id.* ¶ 9.)

2

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id.*  While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true."  *Id.* (citations omitted).

**DISCUSSION**

**1. Plaintiff's Discrimination Claims**

Title VII prohibits an employer from discharging or discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).[2]  "An employment decision . . . violates Title VII when it is 'based in whole or in part on discrimination.'"  *Holcomb v. Iona Coll.*, 521 F.3d 130, 137–38 (2d Cir. 2008) (quoting *Feingold*

---

[2] The burden of proof and production for employment discrimination claims under Title VII and the NYSHRL are identical.  *Hyek v. Field Support Servs.*, Inc., 461 F. App'x 59, 60 (2d Cir. 2012) (quoting *Smith v. Xerox Corp.*, 196 F.3d 358, 363 n.1 (2d Cir. 1999)) ("Claims brought under the NYSHRL 'are analyzed identically' and 'the outcome of an employment discrimination claim made pursuant to the NYSHRL is the same as it is under . . . Title VII.'").  Therefore, Plaintiff's Title VII and NYSHRL discrimination claims are analyzed together for purposes of this motion.  *E.g.*, *Sethi v. Narod*, 12 F. Supp. 3d 505, 522 n.3 (E.D.N.Y. 2014) (analyzing Title VII and NYSHRL claims together).

*v. New York*, 366 F.3d 138, 152 (2d Cir. 2004)).  Moreover, failure to promote may constitute an adverse employment action under Title VII.  *Sethi v. Narod*, 12 F. Supp. 3d 505, 525 (E.D.N.Y. 2014) (citing *Mills v. S. Connecticut State Univ.*, 519 F. App'x 73, 75 (2d Cir. 2013)).  To establish a prima facie case of discriminatory failure to promote, a Title VII plaintiff must demonstrate that "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having plaintiff's qualifications."  *Hussey v. New York State Dep't of L./Off. of Atty. Gen.*, 933 F. Supp. 2d 399, 406 (E.D.N.Y. 2013) (internal quotation marks omitted).

Here, Defendant argues that Plaintiff's discrimination claims fail because the complaint does not allege any discriminatory reason why Plaintiff was passed over for the Investigator position, and Plaintiff never even applied for the Computer Associate (Operations) position. (Mem. L. Supp. Def.'s Mot. Dis. ("Def.'s Mem.") at 6, ECF No. 44-1); (Reply Mem. L. Further Supp. Def.'s Mot. Dis. at 2–3, ECF No. 44-3.)  The Court agrees.

Although Plaintiff alleges that he was denied the Investigator promotion because of his race and gender, Plaintiff fails to plead any facts supporting an inference of discriminatory intent. Instead, Plaintiff claims he was passed over for "several less qualified persons," but fails to identify the hired persons' race or gender.  (Am. Compl. ¶ 31.)   While being passed over for candidates with lesser qualifications can contribute to an inference of discrimination, the complaint must contain allegations "that Plaintiff was passed over for promotions in favor of individuals *outside of her protected class*."  *Baez v. New York*, 56 F. Supp. 3d 456, 467–68 (S.D.N.Y. 2014), *aff'd*, 629 F. App'x 116 (2d Cir. 2015) (dismissing failure to promote claim where "Plaintiff raises no allegations regarding the national origins of those hired for the []

4

positions when she applied") (emphasis added).  That is, without identifying the race or gender or the purportedly less qualified individuals who were hired, Plaintiff cannot raise an inference of discrimination based on his qualifications alone.  *Id.* ("Even if the allegations that Plaintiff was the most qualified individual for the job were to prove true, that would not be enough to state a claim under Title VII.").

Moreover, the complaint identifies a non-discriminatory reason why Plaintiff was denied the Investigator position:  He lacked the requisite certification.  (*Id.* ¶ 29.)  Although Plaintiff suggests this was untrue and used as pretext to discriminate against him, Plaintiff still fails to plead any facts which might allow the Court to infer that Defendant engaged in racial discrimination.  *See Hussey*, 933 F. Supp. 2d at 407 (rejecting the argument that official reason to deny plaintiff a promotion was pretext to cover up racial discrimination because "she offers no facts in support of that claim").  Plaintiff instead relies on broad conclusions that he endured "years of discriminatory treatment"—yet Plaintiff never articulates what that discrimination entailed.  (Am. Compl. ¶ 36); *see Alvarez v. Rosa*, No. 11 CIV. 3818 KBF, 2012 WL 651630, at *4 (S.D.N.Y. Feb. 28, 2012) (dismissing a claim for failure to promote where plaintiff "provide[d] only speculations, labels, and conclusions in support of her claims" and the complaint "fail[ed] to identify any particular conduct or remarks made by the individual defendants that could be viewed as reflecting discriminatory animus").

Finally, Plaintiff's discrimination claim fails as to the Computer Associate (Operations) position because the complaint does not allege that he even applied for the position—a fact conceded in Plaintiff's opposition.  (Mem. L. Supp. Pl.'s Opp. Def.'s Mot. Dis. ("Pl.'s Mem.") at 5, ECF No. 44-2) ("Mr. Harris . . . does not allege that he applied for the position."); *see Petrosino v. Bell Atl.*, 385 F.3d 210, 227 (2d Cir. 2004) ("A specific application is required to

ensure that, at the very least, the plaintiff employee alleges a particular adverse employment action, an instance of alleged discrimination, by the employer.") (internal citations and quotation marks omitted).  Instead, Plaintiff alleges that Defendant failed to notify him of the open position, which is insufficient to sustain a discrimination claim.  *Id.* ("[E]vidence that a plaintiff generally requested promotion consideration" is insufficient to state a claim for discriminatory failure to promote); *Sethi*, 12 F. Supp. 3d at 525 ("Merely expressing an interest in a position is insufficient to support a failure to promote claim.").

Thus, because the complaint fails to allege any discrimination claims, the Court grants Defendant's motion to dismiss as to Counts I, III, and IV.

### 2.  Plaintiff's Retaliation Claims

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e–3(a); *see Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 89–90 (2d Cir. 2015).

To state a Title VII claim for retaliation based on a complaint of employment discrimination, a plaintiff must plead facts that would tend to show that (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action.[3]  *Feingold*, 366 F.3d at 156.  As for causation, a plaintiff must plausibly plead

---

[3] The same standard applies to retaliation claims under the NYSHRL and NYCHRL on a motion to dismiss. *Alvarez*, 2012 WL 651630, at *5.

a connection between the act and his engagement in protected activity. *See* 42 U.S.C. § 2000e–3(a).

Here, Defendant argues that Plaintiff's retaliation claims fail because the complaint does not establish a causal connection between the adverse actions and any protected activity, nor does the complaint describe the alleged retaliation with sufficient detail. (Def.'s Mem. at 9–10.) The Court agrees. According to the complaint, Defendant declined to promote Plaintiff and subjected him to discriminatory treatment after Plaintiff filed an EEOC charge. (Am. Compl. ¶¶ 33–38.) Although Plaintiff is correct that he engaged in protected activity by filing the EEOC charge, the complaint fails to connect the filing of the charge with the adverse actions for which he complains. (*Id.* ¶ 33); *see Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir.1993) (acknowledging that filing an EEOC complaint constitutes protected activity). The complaint simply states, without elaborating, that Plaintiff was forced to "endure years of discriminatory treatment" after filing the EEOC charge. (Am. Compl. ¶ 36.) Alone, this conclusory assertion falls woefully short of Plaintiff's pleading requirement. *See Keller v. Star Nissan, Inc.*, No. 07–CV–4551, 2009 WL 4281038, at *3–4 (E.D.N.Y. Nov. 30, 2009) (finding plaintiff's conclusory use of terms such as "retaliation" insufficient to plead a Title VII retaliation claim); *Reyes v. City University of New York*, No. 06-cv-3639, 2007 WL 2186961, at *5 (S.D.N.Y. July 26, 2007) (dismissing retaliation claim where "plaintiff pleads not a single fact tending to link" his protected activity to the adverse action). And, even to the extent Defendant took adverse actions against Plaintiff, his failure to specify when the actions occurred also proves fatal to his claim. *See Freud v. New York City Dep't of Educ.*, No. 1:21-CV-2281 (MKV), 2022 WL 889213, at *14 (S.D.N.Y. Mar. 25, 2022), *aff'd*, No. 22-879, 2023 WL 3103588 (2d Cir. 2023) (dismissing

retaliation claim where "[t]he allegations are insufficient to suggest temporal proximity between the allegedly protected activity and the purported retaliatory acts").

Plaintiff also appears to argue that, following the EEOC charge, he is "is continually denied for promotions or positions he is otherwise qualified." (Am. Compl. ¶ 36.) Yet, the only example he provides is the Computer Associate (Operations) position, for which he did not apply. (*Id.* 34–35); (Pl.'s Mem. at 5) ("Mr. Harris . . . does not allege that he applied for the position.") Because Plaintiff did not even apply for the position, he cannot show that Defendant took any "adverse action" by not offering it to him. *See McWhite v. New York City Hous. Auth.*, No. 05-CV-0991 (NG) (LB), 2008 WL 1699446, at *12 (E.D.N.Y. Apr. 10, 2008) (determining that "because plaintiff never applied for the 2005 Borough Administrator position, she cannot show that defendant took any adverse action against her by not offering it to her"); *see also Vaughn v. Louisville Water Co.*, 302 F. App'x 337, 348 (6th Cir. 2008) ("Not receiving a promotion for which one did not apply would not dissuade a reasonable worker from engaging in protected conduct, and accordingly does not constitute a materially adverse action.").[4]

Thus, because the complaint fails to plead any retaliation claim, the Court grants Defendant's motion to dismiss as to Counts II and V.

---

[4] The complaint also alleges that: "Upon information and belief, Plaintiff has been suspended for pretextual or baseless reasons, stripped of his Investigatorbadge [sic], and falsely accused of theft of agency property in discriminatory OATH hearings that followed his engagement in protected activity." (Am. Compl. ¶ 37.) Notably, Plaintiff does not even purport to connect these acts to his filing of the EEOC charge, let alone specify when the acts occurred. *See Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 412 (S.D.N.Y. 2014) (dismissing "vague" and "conclusory" allegations of retaliation where plaintiff "fails to state with even a modicum of specificity when the relevant events occurred").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the amended complaint is

GRANTED.

SO ORDERED.

Dated: Brooklyn, New York          /s/ LDH_____
       March 28, 2024               LASHANN DEARCY HALL
                                United States District Judge